# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE P. MUSA<br>*Plaintiff* | : | CIVIL ACTION |
| | : | |
| | : | NO. 13-2847 |
| v. | : | |
| | : | |
| SOAR CORPORATION<br>*Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    FEBRUARY 12, 2015

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court is a *motion for attorney's fees and costs* filed by Catherine P. Musa ("Plaintiff") pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), 28 U.S.C. §1920, and Federal Rule of Civil Procedure 54(d), [ECF 51]; Soar Corporation's ("Defendant") opposition, [ECF 52]; and Plaintiff's reply to said opposition. [ECF 53]. This matter has been fully briefed and for the reasons stated herein, the motion for attorney's fees and costs is granted, *in part*.

### BACKGROUND

Briefly, the relevant procedural history of this action is as follows:

On May 22, 2013, Plaintiff filed a complaint against her former employer (Defendant) in which she asserted claims for race and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq.*, and claims for retaliation and unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1 *et seq.* [ECF 1].

On September 23, 2013, Plaintiff filed an amended complaint reasserting her claims for race and gender discrimination under Title VII and the PHRA, and claims of retaliation and failure to pay overtime wages under the FLSA and the corresponding Pennsylvania statutes. [ECF 11]. On June 24, 2014, Defendant filed a motion for summary judgment, seeking dismissal of all of the claims

asserted against it, [ECF 27], which Plaintiff opposed. [ECF 30]. By Memorandum Opinion and Order dated November 18, 2014, [ECF 41 and 42], this Court granted Defendant's motion for summary judgment as to Plaintiff's claims for employment discrimination and retaliation, and denied the motion as to Plaintiff's claim for unpaid overtime.

The matter proceeded to a jury trial on Plaintiff's unpaid overtime wages claim which she argued totaled 360-390 hours at a rate of $27.00 an hour and valued at approximately $9,720.00 to $10,530.00. At the conclusion of the trial, the jury returned a verdict in favor of Plaintiff in the amount of $541.00.

After the verdict was rendered, Plaintiff orally moved for an award of liquidated damages pursuant to 29 U.S.C. §216(b), which Defendant opposed. This provision requires that an award of liquidated damages be granted in an amount equivalent to the amount of unpaid wages unless the employer shows that the acts or omissions giving rise to the employee's claim were in good faith and that it (the employer) had reasonable grounds to believe that it was not in violation of the FLSA. *See* 29 U.S.C. §§216(b) and 260. After carefully considering the evidence of record and the parties' arguments, this Court denied Plaintiff's motion for liquidated damages by an Order dated December 11, 2014. [ECF 49].

On December 26, 2014, Plaintiff filed the underlying motion for attorney's fees and costs, in which she seeks an award of $101,700.00, in attorney's fees, and $2,566.11, in costs. Defendant has opposed the motion.

**DISCUSSION**

Under the provisions of the FLSA, a prevailing party is entitled to "reasonable attorney's fee" and "costs of the action." *See* 29 U.S.C. §216(b). The award of reasonable attorney's fees to a prevailing party is within the discretion of the district court. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A district court retains a great deal of discretion in determining the amount of the award. *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir. 1989).

When presented with a motion for attorney's fees, a district court must first determine if the movant is a prevailing party, and if so, whether the fee requested is reasonable. This Court begins the process of determining the reasonable fee by calculating the "lodestar;" *i.e.*, the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009). Once the lodestar is determined, the Court must then determine whether additional adjustments are appropriate. *McKenna*, 582 F.3d at 455. The petitioner must submit verified itemization of the hours worked and the reasonable controlling hourly rate. *Hensley*, 461 U.S. at 433. If opposing the fee petition, a defendant has the burden of challenging the reasonableness of the requested fee. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Instantly, there is no dispute that Plaintiff is the prevailing party. Thus, this Court will limit its analysis to the reasonableness of the amount requested.

### *Reasonable Hourly Rate*

With regard to the reasonable hourly rate of the lodestar calculation, Plaintiff, as the movant, bears the burden of "producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a *prima facie* case." *Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997). Defendant, as the non-movant, can contest the *prima facie* case by presenting appropriate evidence. *Id.* A reasonable hourly rate is "[g]enerally . . . calculated according to the prevailing market rates in the relevant community," taking into account "the experience and skill of the . . . attorney and compar[ing] their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The prevailing market rate is usually deemed

reasonable. *Public Interest Research Group v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995). However, district courts may assign different rates to different tasks, regardless of who performed them. "Just as 'a Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn,' counsel should not be using 'highly priced talent for matters easily delegable to non-professionals or less experienced associates.'" *Reibstein v. Rite Aid Corp.*, 761 F.Supp.2d 241, 259 (E.D. Pa. 2011) (quoting *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983)).

To determine a reasonable hourly rate, the Third Circuit Court of Appeals has approved the use of the well-developed fee schedule rates established by Community Legal Services, Inc. ("CLS") as one that fairly reflects the prevailing market rates in Philadelphia. *Maldonaldo*, 256 F.3d at 187-88. The current CLS fee schedule provides for an hourly rate range of $435.00 - $505.00 for attorneys with 16-20 years of experience. Plaintiff seeks an hourly billing rate of $400.00 for each of her two attorneys, Richard J. Abramson and Bruce Preissman. Both attest that each has over 20 years of experience, including extensive experience in employment litigation matters.

Though Defendant generally challenges the motion for attorney's fees, Defendant does not challenge the proposed amount of $400.00 as the billable rate. Since this proposed billable rate falls slightly below the prevailing market range noted in the CLS fee schedule and has not been rebutted as such, this Court finds that the proposed billable rate is a reasonable hourly rate and approves it for the professional services provided by Attorneys Abramson and Preissman. *Cf. Washington v. Phila. County Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996) ("Where . . . the plaintiff has met his *prima facie* burden under the 'community market rate' lodestar test, and the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward."); *see also McGuffey v.*

*Brink's, Inc.*, 598 F.Supp.2d 659, 670 (E.D. Pa. 2009) (approving of a $400.00 hourly rate for plaintiff's attorney in an employment case).

### *Hours Reasonably Expended*

"In calculating the second part of the lodestar determination, the time reasonably expended," a district court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Pa. Envtl. Def. Found. v. Canon-McMillan School Dist.*, 152 F.3d 228, 232 (3d Cir. 1998). Where a movant's documentation of the hours expended is inadequate, "the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. As noted in *Hensley*, lawyers are required to use judgment when billing their clients so as not to bill clients for "excessive, redundant, or otherwise unnecessary" hours. *Id.* at 434. Likewise, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (citations omitted). Ultimately, district courts have "substantial discretion in determining what constitutes . . . reasonable hours." *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001).

In her motion, Plaintiff seeks attorney's fees for the following billable hours:

- 127 hours and 55 minutes expended by and attributable to Attorney Preissman; and

- 126 hours and 20 minutes attributable to Attorney Abramson.

Defendant argues that the documentation submitted in support of these billable hours is inadequate, and the hours billed are excessive.

Undisputedly, a motion for attorney's fees must "be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." *Washington*, 89 F.3d at 1037. The motion "should include some fairly definite information as to the hours

devoted to various general activities, *e.g.*, pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, *e.g.*, senior partners, junior partners, associates." *Id.* at 1037-38. However, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Id.* at 1038. For example, a fee petition with the phrase "miscellaneous research, telephone conversations, and conferences concerning facts, evidence, and witnesses: 1.3 hours" contains adequate specificity. *Rode*, 892 F.2d at 1191 n. 13.

Here, although the attorneys' documentation of hours could have benefited from added specificity, the detail they provided allowed this Court to determine whether the costs claimed were unreasonable for the work performed. *See United Aut. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007). Under this standard, this Court finds that Plaintiff's submitted billing entries provide sufficient detail for an adequate review.

Such a review reveals, however, that Plaintiff included numerous time entries for clerical tasks that should not be passed on to either a client or, in this case, to the opposition. For example, the billing records include entries for the following: review of entries/withdrawals of appearance; copying, stamping, mailing, hole punching and collating documents; travel to the post office. These functions are clerical and/or non-attorney work product that should not be billed at an attorney's rate. The entries for these functions add up to approximately two (2) hours and 25 minutes, and will be subtracted from this Court's lodestar calculation.

As required, this Court has reviewed Plaintiff's attorneys' billing records line-by-line to determine whether any adjustment to the lodestar is warranted. *See Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001). With the adjustments described above, and subject to the significant adjustments to be discussed and applied below, at this juncture, Plaintiff's

attorneys expended 251 hours and 50 minutes on this matter, resulting in an initial lodestar fee of $100,733.33.

### *Adjustment of Lodestar*

Defendant argues that a significant downward adjustment to the calculated lodestar is warranted because Plaintiff prevailed *only* on a limited claim, with limited success, and because the bulk of her claims were dismissed at the motion for summary judgment stage. In cases where a plaintiff is both successful and unsuccessful on asserted claims, the Supreme Court in *Hensley* instructed district courts to adjust the award to reflect the plaintiff's limited success. "[I]f . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." 461 U.S. at 436. The *Hensley* Court further elaborated:

> There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?
>
> \*\*\*
>
> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants – often an institution and its officers, as in this case – counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

*Id.* at 434-435 (citations omitted). The Court held "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id.* at 440.

Notwithstanding her limited success at trial and the dismissal of many of her claims at summary judgment, Plaintiff seeks an attorney's fee award that reflects the time billed by her attorneys for the entire case. In the motion, Plaintiff makes no attempt to eliminate the hours attributable to claims on which Plaintiff clearly did not prevail. Under *Hensley*, the amount of the award requested by Plaintiff is inappropriate.

As stated, Plaintiff asserted distinct claims premised upon different facts, *i.e.*, retaliation, gender and race discrimination claims, and unpaid wage claims. By Memorandum Opinion and Order dated November 18, 2014, [ECF 41 and 42], this Court granted, *in part*, and denied, *in part*, Defendant's motion for summary judgment. Specifically, this Court granted Defendant's motion for summary judgment with regard to Plaintiff's employment discrimination and retaliation claims, and denied the motion as to Plaintiff's wage claims. Subsequently, a jury trial was held on Plaintiff's surviving wage claims, for which Plaintiff sought to recover between $9,720.00 – $10,530.00 for approximately 360 – 390 hours of unpaid overtime wages. At the conclusion of the trial, the jury returned a verdict in Plaintiff's favor, with an award of $541.00.

In light of this procedural history, Plaintiff can only be deemed a "prevailing" party as to her unpaid overtime wage claim, *albeit* a small portion of this claim. She did not prevail on any of her discrimination or retaliation claims, as judgment was entered on those claims in Defendant's favor by Order dated November 18, 2014. As such, under *Hensley*, "no fee may be awarded for services on [Plaintiff's] unsuccessful [discrimination and retaliation] claims."

Therefore, under the directive of *Hensley*, a line-by-line review of Plaintiff's attorneys' billing entries was made to eliminate billed time clearly attributable to Plaintiff's unsuccessful employment discrimination and retaliation claims. As a result, the following entries will be subtracted or reduced from the above-determined lodestar calculation:

- The drafting of Plaintiff's initial complaint, which was dismissed, without prejudice, following the filing of Defendant's motion to dismiss. Because this complaint was dismissed, with leave to amend, this Court will reduce the time billed for the original complaint by half – from four (4) hours 45 minutes to two (2) hours 22 minutes (a reduction of 143 minutes).

- The drafting of Plaintiff's unsuccessful opposition to Defendant's motion to dismiss the original complaint. All of the time attributable to the preparation of Plaintiff's opposition to Defendant's motion to dismiss (six (6) hours) will be eliminated (a reduction of 360 minutes). *See Rode*, 892 F.2d at 1185 (holding that an attorney's work on an unsuccessful opposition to a motion to dismiss was properly held noncompensable).

- The review of Plaintiff's medical records. Because Plaintiff's health had no relevance to Plaintiff's successful overtime wage claim, all of this time (40 minutes) will be excluded.

- The preparation for and depositions of witnesses who did not testify at trial. Because none of these witnesses testified at trial and were deposed in support of Plaintiff's unsuccessful discrimination and retaliation claims, all of this billed time, 28 hours 50 minutes, will be eliminated (a reduction of 1,730 minutes).

- Research of diversity policies and diversity of workforce issues. All of this billed time (40 minutes) will be eliminated because it pertains only to Plaintiff's unsuccessful employment discrimination claims.

- The drafting of Plaintiff's opposition to Defendant's motion for summary judgment, which was largely unsuccessful in light of the dismissal of all of Plaintiff's discrimination and retaliation claims. Because the bulk of Defendant's brief in support of its motion for summary judgment (30 out of 36 pages) and Plaintiff's opposition brief thereto (15 out of 17 pages) was directed towards Plaintiff's unsuccessful employment discrimination and retaliation claims, which are unrelated to Plaintiff's partially successful wage claim, this Court will reduce the hours billed to summary judgment matters by 2/3 – from 26 hours 55 minutes to eight (8) hours 58 minutes (a reduction of 1,077 minutes).

- The drafting of points for charge and jury interrogatories relating to Plaintiff's discrimination and retaliation claims. Because the bulk of the proposed charges (10 out of 11 pages) and the jury interrogatories (9 out of 11 interrogatories) were directed to Plaintiff's unsuccessful employment discrimination and retaliation claims, this Court

will reduce the hours billed to these associated tasks by 2/3 – from six (6) hours 40 minutes to two (2) hours thirteen (13) minutes (a reduction of 267 minutes).

In addition, this Court will reduce the billed time allowed for the drafting of Plaintiff's underlying petition for attorney's fees by 50 percent because Plaintiff undertook no effort to eliminate time billed for Plaintiff's unsuccessful claims. As such, this Court will reduce the time billed for this task of seven (7) hours, to three (3) hours 30 minutes (a reduction of 210 minutes). These reductions result in an initial, adjusted lodestar of 187 hours 23 minutes, which at the $400.00 hourly rate, transforms to an attorney's fee award of $74,953.33.

Pursuant to *Hensley*, a district court can further reduce the lodestar where the plaintiff achieved only partial or limited success. *Hensley*, 461 U.S. at 436. "[C]ounsel fees should only be awarded to the extent that the litigant was successful." *Washington*, 89 F.3d at 1042. A district court may consider the relief awarded as compared to that requested as a measure of plaintiff's success. *Id.* This success, or lack thereof, may then be taken into account when awarding fees, though the court may not attempt to fix a ratio between the fees and damages awarded. *Id.*

Here, though Plaintiff was successful in that she obtained a verdict in her favor on her overtime wage claim, the $541.00 awarded by the jury falls far short of that sought by Plaintiff. In light of this minimal recovery, "the product of hours reasonably expended on the litigation as a whole [as claimed by Plaintiff] times a reasonable hourly rate [is] an excessive amount." *Id.* Thus, this Court will adjust the fee for this limited success by a further 50 percent reduction. *Cf. Washington*, 89 F.3d at 1044 (approving district court's reduction of lodestar by 50 percent for partial success). Accordingly, upon application of each of these downward departures, the lodestar attorney's fee award is $37,476.67. This Court finds that these adjustments to the

lodestar result in an attorney's fee award that more accurately reflects the reasonable amount of time expended on Plaintiff's successful FLSA claim.

### *Costs of Litigation*

Plaintiff also seeks recovery of $2,566.11 in costs for the items listed in Exhibit E to the motion. This amount includes the cost of deposition transcripts and subpoenas for witnesses who did not testify at trial, but were deposed in support of Plaintiff's unsuccessful discrimination claims (Roy, Stringer, Jodlowska and Marino), and an "Unemployment Compensation transcript" that appears in no way to relate to Plaintiff's successful wage claim. As such, Plaintiff will be awarded costs in the amount of $1,686.96, which reflects a reduction for these unnecessary expenses.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for attorney's fees and costs of litigation is granted, in part. Pursuant to 29 U.S.C. §216(b), Plaintiff is awarded $37,476.67 in attorney's fees and $1,686.95 for costs of litigation. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.